UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

C.A. No.:

EXCEL DRYER, INC.,                               )
                                                 )
      Plaintiff                          )
                                                 )
vs.                                              )
                                                 )
JINHUA KINGWE ELECTRICAL CO. LTD,                )
                                                 )
      Defendant                          )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Excel Dryer, Inc. ("Excel") pioneered the high speed energy efficient hand dryer, and its XLERATOR hand dryer is a top selling hand dryer brand world-wide. The presence of XLERATOR hand dryers in restrooms is now ubiquitous. The overall design and appearance of the XLERATOR hand dryer is inherently distinctive, and carries widespread, immediate recognition that Excel is associated with the XLERATOR hand dryer. As such, the overall design and appearance of Excel's XLERATOR hand dryers is protectable trade dress. In addition, the mark XLERATOR is a federally registered trademark of Excel.

Hand dryers being sold in the United States by Jinhua Kingwe Electrical Co. Ltd. ("Kingwe") are imitations of the XLERATOR hand dryer in their design and appearance, and are likely to confuse consumers into believing that the accused hand dryer products are associated with Excel. Kingwe is also using Excel's famous XLERATOR trademark to promote the sale of Kingwe's imitation dryer, which will likely dilute Excel's trade dress and trademark rights.

Excel complains and alleges as follows against Kingwe.

1

## PARTIES

1. Excel Dryer, Inc. is a duly organized Massachusetts corporation with a principal place of business at 357 Chestnut Street, East Longmeadow, Massachusetts.

2. Upon information and belief, Defendant Jinhua Kingwe Electrical Co. Ltd. is a foreign corporation organized under the law of China, with a principal place of business at No. 1600, West Wujiang Road, Jinhua, Zhejiang, 321018, China.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action arises under the Lanham Act, 15 U.S.C. §§1051, *et seq.*, and pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

4. This court has supplemental jurisdiction over Excel's state law claims pursuant to 28 U.S.C. §1367(a).

5. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Kingwe "resides" in this district within the meaning of 28 U.S.C. §1391(c) insofar as it is subject to personal jurisdiction in this district. Alternatively, upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the actions and/or omissions giving rise to the claims in this action occurred in this district.

6. Upon information and belief, this court has personal jurisdiction over Kingwe pursuant to Mass. Gen., c. 223A, §§3(a), (b), (c), and (d) because this action arises: (a) from Kingwe's transaction of business in Massachusetts; (b) from Kingwe's contracting to supply services or things in Massachusetts; (c) from Kingwe's causing tortious injury by acts or omissions

within Massachusetts; and/or (d) from Kingwe's causing tortious injury by acts or omissions outside of Massachusetts while regularly doing business or soliciting business or engaging in a persistent course of conduct or driving substantial revenue from goods and/or services used or consumed, in Massachusetts.

7. The particular conduct triggering such jurisdiction includes, among other things: (a) Kingwe's operation of a highly interactive website through which it solicits and conducts business, including business in Massachusetts; (b) Kingwe's contracting with entities which do business in Massachusetts; and/or (c) Kingwe's intentional infringement of Excel's trademark and trade dress to cause harm to Excel, a corporation which does business in Massachusetts and is located in Massachusetts.

8. Through such conduct, Kingwe has purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts, and when in engaging in such conduct, should reasonably have perceived that it would be subjected to this court's jurisdiction.

## FACTS

9. For more than 50 years, Excel's full line of hand dryers has provided cost-effective dryers for schools, hospitals, airports, service stations, correctional facilities, restaurants, stadiums, movie theaters, health clubs, office buildings, factories, hotels and many other commercial facilities.

10. Excel pioneered the high speed energy efficient hand dryer and is a leader in the global high speed energy efficient hand dryer market which it created.

11. Since 2000, Excel has marketed its high speed energy efficient hand dryers, which are manufactured in East Longmeadow, Massachusetts, under the XLERATOR brand.

12. The XLERATOR hand dryer uses patented technology to make hand drying fast and efficient.

13. As a result of its improved and distinctive design and its cutting edge technological features, the XLERATOR hand dryer was an instant success, and it became uniquely associated with Excel as its source.

14. The XLERATOR hand dryer has a distinctive shape and appearance including, for example, a substantially hemispherical shaped cover with a projection for a bulbous front exit nozzle and substantially planar and parallel sidewalls.

15. The XLERATOR hand dryer product configuration has become closely associated with Excel, and serves to identify Excel as the source of the hand dryer.

16. Excel holds trade dress protection in the design and appearance of the XLERATOR hand dryer.

17. Kingwe is offering hand dryers for sale in the United States, including its KW-1000 model hand dryers

18. Kingwe markets its KE-1000 model hand dryer under the name XLERATOR.

19. The shape and physical features of the Kingwe hand dryers, including the model KW-1000 hand dryers, are virtually indistinguishable from the shape and physical features of the XLERATOR hand dryer.

20. Excel is the owner of all right, title and interest in U.S. Trademark Registration No. 2,513,452 for the mark XLERATOR for hand dryers. A copy of U.S. Trademark Registration No. 2,513,452 is attached as Exhibit 1.

21. Excel has not authorized Kingwe to use the mark XLERATOR.

22. From October 20-23, 2015 a sanitation tradeshow entitled ISSA/INTERCLEAN® North America ("Las Vegas Trade Show") is being held in the Las Vegas Convention Center, Las Vegas, NV, USA. This tradeshow involves major groups in the commercial and institutional cleaning industry coming together, providing access to top distributors, building service contractors, and in-house decision-makers from around the world.

23. Kingwe is scheduled to attend the Las Vegas Trade Show and display its hand dryer products, including its model KW-1000 hand dryer, which it markets and offers for sale under the name XLERATOR.

24. The Kingwe KW-1000 hand dryer is substantially similar to Excel's XLERATOR hand dryer. The Kingwe model KW-1000 hand dryer is shown below side by side with the XLERATOR hand dryer.





Accused hand dryer                              Excel's Xlerator hand dryer

25. As shown above, the Kingwe KW-1000 hand dryer includes a substantially hemispherical shaped cover with a projection for a bulbous front exit nozzle and substantially planar and

parallel sidewalls.

26. The appearance of the Kingwe KW1000 hand dryer is essentially identical to the overall design and appearance of Excel's XLERATOR hand dryer.

## CAUSES OF ACTION

## COUNT I – LANHAM ACT TRADE DRESS INFRINGEMENT

### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

27. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-26 of its Complaint and incorporate them herein by reference.

28. Excel is the owner of all right and title to the inherently distinctive trade dress of the XLERATOR hand dryer, which includes for example, a substantially hemispherical shaped cover with a projection for a bulbous front exit nozzle and substantially planar and parallel sidewalls (the "XLERATOR Trade Dress").

29. Based on extensive and consistent advertising, promotion and sales throughout the United States, the XLERATOR Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Excel as the source of these products.

30. Excel's extensive promotion of the XLERATOR hand dryer has resulted in Excel's acquisition of valuable, legally protected rights in the XLERATOR Trade Dress, as well as considerable customer goodwill.

31. The XLERATOR Trade Dress does not serve any function other than to identify Excel as the source of the XLERATOR hand dryer.

32. The XLERATOR Trade Dress is inherently distinctive, and, through Excel's long use, has come to be associated solely with Excel as the source of the products on which it is used.

33. The Kingwe hand dryers have misappropriated the XLERATOR Trade Dress by mimicking the XLERATOR trade dress.

34. Kingwe's manufacture and distribution of hand dryers that mimic elements of the XLERATOR Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Kingwe with Excel, or as to the origin, sponsorship, or approval by Excel of Kingwe's goods or commercial activities.

35. Kingwe's hand dryers, including the KW-1000 hand dryers, mimic a combination of several elements of the XLERATOR Trade Dress, allowing Kingwe to benefit unfairly from Excel's reputation and success, thereby giving Kingwe's infringing products sales and commercial value they would not have otherwise.

36. Kingwe's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37. Kingwe knew of the XLERATOR Trade Dress when it designed its hand dryers, including its KW-1000 hand dryer, and has failed to respond to Excel's demand that it cease its infringement. Accordingly, Kingwe's infringement has been and continues to be intentional and willful.

38. Excel has been and will continue to be irreparably harmed and damaged by Kingwe's conduct, and Excel lacks an adequate remedy at law to compensate for this harm and damage.

39. Excel is informed and believes, and on that basis alleges, that Kingwe has gained profits by virtue of its infringement of the XLERATOR trade dress.

40. Excel has also sustained damages as a direct and proximate result of Kingwe's infringement of the XLERATOR Trade Dress in an amount to be proven at trial.

41. Because Kingwe's actions have been willful, Excel is entitled to treble its actual damages or Kingwe's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

42. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-41 of its Complaint and incorporate them herein by reference.

43. Excel is the rightful owner of the mark XLERATOR for hand dryers.

44. Excel is the owner of U.S. Trademark Registration No. 2,513,452. The registration is valid, subsisting and enforceable according to its terms.

45. Without authorization from Excel, Kingwe has used, and upon information and belief, continues to use the mark XLERATOR in commerce in connection with hand dryers that are clearly related and highly similar to Excel's hand dryers.

46. Kingwe's past, present and ongoing action constitute infringement of Excel's XLERATOR registration by using a mark that is likely to confuse, mistake and/or deceive as to source, sponsorship, or affiliation, subjecting Kingwe to liability under 15 U.S.C. §1114.

47. As a direct and proximate result of Kingwe's action as set forth herein, Excel has been, and will continue to be harmed.

48. Kingwe's infringing action will continue unless enjoined by this Court.

49. Excel has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Kingwe's unlawful conduct is enjoined by this Court.

## COUNT III – FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. §1125(a))

50. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-49 of its Complaint and incorporate them herein by reference.

51. As described above, Excel is the owner of the federally registered mark XLERATOR.

52. Excel's ownership and exclusive use of the mark XLERATOR predates the use of the mark XLERATOR by Kingwe.

53. The use of XLERATOR by Kingwe constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Kingwe is associated with or sponsored by Excel.

54. Kingwe's unauthorized use of the mark XLERATOR occurs in interstate commerce.

55. Kingwe's false designations of origin have been made in connection with goods from which it makes a profit.

56. Kingwe's false designation of origin is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Excel of the goods provided by Kingwe under the infringing mark, subjecting Kingwe to liability under 15 U.S.C. §1125(a).

57. As a direct and proximate result of Kingwe's action as set forth herein, Excel has been, and will continue to be, harmed.

58. Kingwe's infringing actions will continue unless enjoined by this Court.

59. Excel has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Kingwe's unlawful conduct is enjoined by the Court.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

60. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-59 of its Complaint and incorporate them herein by reference.

61. Excel is the rightful owner of the mark XLERATOR in connection with hand dryers by virtue of its continuous use in commerce since 2000.

62. Excel's ownership and exclusive use of the mark XLERATOR predates the use of the mark XLERATOR by Kingwe.

63. Without authorization from Excel, Kingwe has used, and upon information and belief, continues to use, in commerce XLERATOR in connection with hand dryers that are closely related and highly similar to Excel's hand dryers.

64. Kingwe's past, present and ongoing action constitute infringement of Excel's XLERATOR registration by using a mark that is likely to confuse, mistake and/or deceive as to source, sponsorship, or affiliation, subjecting Kingwe to liability under Massachusetts common law.

65. As a direct and proximate result of Kingwe's action as set forth herein, Excel has been, and will continue to be harmed.

66. Kingwe's infringing action will continue unless enjoined by this Court.

## COUNT V – STATE DILUTION

## (Mass. Gen. Laws. Ch. 110H)

67. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-66 of its Complaint and incorporate them herein by reference.

68. Excel holds valid and enforceable common law rights in the XLERATOR mark, by virtue of its use of the mark since at least as early as 2000.

69. Kingwe's use in commerce of the mark XLERATOR constitutes statutory dilution that is likely to cause, and has caused, injury to Excel's business reputation and/or a likelihood of dilution of the distinctive quality of the XLERATOR mark in violation of Mass. Gen. Laws 111H, § 13.

70. As a direct and proximate result of Kingwe's action as set forth herein, Excel has been, and will continue to be, harmed.

71. Kingwe's infringing actions will continue unless enjoined by this Court.

72. Excel has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Kingwe's unlawful conduct is enjoined by the Court.

## COUNT VI — VIOLATION OF CHAPTER 93A

## (M.G.L. c. 93A. §§2, 11)

73. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of its Complaint and incorporate them herein by reference.

74. Kingwe's conduct described above constitutes trade dress infringement and trade mark infringement in knowing and willful violation of Massachusetts Business Practices Act, M.G.L. c. 93A. §§2, 11.

75. Kingwe acted willfully and intentionally in designing its infringing trade dress, with full knowledge of Excel's prior rights in the distinctive XLERATOR trade dress, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Kingwe and Excel or between Kingwe's products and Excel's products.

76. The unlawful and fraudulent business practices of Kingwe described above present a continuing threat to, and is meant to deceive members of, the public in that Kingwe continues to promote its products by wrongfully trading on the goodwill of Excel.

77. Kingwe, through its acts of trade dress infringement and trademark infringement, has caused irreparable injury to Excel and unless or until it is restrained, it will cause further irreparable injury to Excel.

78. No monetary remedy would be adequate to compensate Excel for the injury that Kingwe's wrongful acts have caused Excel's reputation, goodwill and sales and for the injury that Excel would suffer should those acts not immediately cease.

79. Unless Kingwe is enjoined, Excel will suffer monetary damages as a result of Kingwe's wrongful acts in an amount dependent on how quickly Kingwe's wrongful act are enjoined.

80. As a direct and proximate result of these acts, Kingwe has received, and will continue to profit from, the strength of the XLERATOR trade dress and mark.

81. As a direct and proximate result of Kingwe's wrongful conduct, Excel has been injured in fact and has lost money and profits, and such harm will continue unless Kingwe's acts are enjoined by the Court. Excel has no adequate remedy at law for Kingwe's continuing violation of Excel's rights.

82. Kingwe should be required to restore to Excel any and all profits earned as a result of their unlawful and fraudulent actions, or provide Excel with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Excel respectfully requests the following remedies and relief:

A.      Enter judgment in favor of Excel against Kingwe on all counts;

B.      Preliminarily and permanently enjoin Kingwe and its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the XLERATOR trade dress, the mark XLERATOR, or any mark or name confusingly similar to XLERATOR, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair completion, and unfair trade practices with respect to Excel pursuant to 15 U.S.C. § 1125 or otherwise;

C.      Enter judgment in the amount of Excel's infringement damages, Kingwe's profits, Excel's reasonable attorney fees, and costs of suit;

D.      Enter judgment that Kingwe's acts of infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful;

E.      Award Excel its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. §1117, Mass. Gen. Laws Ch. 93A §11 or otherwise;

F.      Order the recall, impounding, and destruction of all goods, advertising or other items bearing infringing markings or infringing trade dress, pursuant to 15 U.S.C. §1118 or otherwise; and

G.    Award Excel such further relief as this Court may deem just and necessary.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


Respectfully submitted,

THE PLAINTIFF,
EXCEL DRYER, INC.

Date: October 20, 2015              By: */s/ Patrick J. O'Shea*
                                    Patrick J. O'Shea, Esq. (BBO #564832)
                                    O'Shea Getz P.C.
                                    1500 Main Street, Suite 912
                                    Springfield, Massachusetts 01115
                                    Phone (413) 731-3100
                                    Fax (413) 731-3101